Dear Senator Cain:
You have requested an opinion from this office regarding the responsibility of the State of Louisiana, through the Department of Transportation Development (DOTD), to maintain a road located in Sabine and Vernon Parishes and more particularly referred to as the Florien-Plainview-Hornbeck Road (referred to hereafter as Plainview Road).
The undersigned communicated with Mr. Leo Fitzenreiter of The Plainview Area Association, Inc., regarding this matter and based on the initial information provided it was the position of this office that the evidence tended to support the conclusion that DOTD did not have the maintenance responsibility. Since that time I have received additional correspondence from Mr. Fitzenreiter and another letter from your office with an additional request, related to the first inquiry, but involving State Highway 118, to explain why State Highway 118 is maintained by the State and Plainview Road is not.
The documents submitted to date indicate that the State, at the request of the Parish, authorized the construction of Plainview Road, agreed to pay for same with State funds "as additional parish aid", and apparently conducted some repairs on the road in the period of time from initial construction around 1960 to about 1975. The documents also show that the police juries of both Vernon and Sabine requested that the road be constructed by the State "on a parish road" and in the resolutions stated that "the Police Jury shall assume full responsibility for the maintenance of the construction work performed under this agreement". The State undertook the task of obtaining the necessary right of way agreements from the landowners for portions of the roadway.
It is our opinion that Plainview Road is a public road. Civil Code Article 457 states that a road that is subject to public use is a public road. Since it is a public road it is the responsibility of either the State or the parish to maintain the road in a reasonably safe condition. Wall v. AmericanEmployers Insurance Company, 215 So.2d 913
(La.App. 1 Cir. 1968). The only issue left to resolve is what system the road is in, the state's or the parishes'.
There is no question that the State has the responsibility to maintain all roads in the state highway system. R.S. 48:259. The State may abandon a road in the system to the local governing authority if the road has ceased to be "used by the public to the extent that the original public purpose is no longer being served" and the State complies with all the formalities of the statute. R.S. 48:221 (A). At the time Plainview Road was constructed, the Louisiana Constitution of 1921 was in effect which created the General Highway Fund, Article VI, § 22. This was implemented by the provisions of Act No. 4, § 31 of 1942, since repealed. The General Highway Fund was created to provide the money necessary to construct and maintain roads within the state highway system. There was no express provision permitting the State to construct roads for the benefit of a local governing authority.
The Plainview Road is not expressly in the state highway system. In the case of Breshers v. Department of Transportation andDevelopment, State of Louisiana, et al, 536 So.2d 733
(La.App. 3 Cir. 1988), in a case dealing with a motorcycle-truck collision on a rural road in Grant Parish, the court ruled that since the road in question was not expressly included in the state highway system and there was no evidence that the state had a contract to maintain the road from the parish, the road was in the parish system. Wall, at page 917, referring to Title 48 of the Revised Statutes and the Department of Highways specifically, states that the chapter "evidences legislative intent to specifically define and designate the rights, powers and duties of the Department and expressly designate those highways of the state over which the Department shall have control and for whose maintenance the Department is made responsible." I can find no authority for the broad proposition that a road constructed with state funds that is not expressly included within the state highway system is nevertheless a state road.
The Wall case, mentioned above, is instructive regarding the relationship between parishes and the State when it came to the issue of construction and maintenance of roads. Judge Landry, at pages 916-917 states:
 Admittedly, prior to 1962, the highway system of the State of Louisiana, which contemplates all public roads whether state, parish or municipal, was somewhat loosely organized and obscurely defined from a standpoint of law. Under the statutes in force before 1962, it was often difficult to fix responsibility for construction, maintenance and control of public highways inasmuch as the laws on the subject were meager and frequently vague if not conflicting and confusing.
The road at issue was constructed prior to enactment of Act 310
of 1962, the Highway Regulatory Act, R.S. 32:2, et seq. We concur with his analysis.
Legislative actions during the period of time Plainview Road was constructed and maintained are extremely relevant to the inquiry. We note that Act No. 128 of the regular session of 1955 established the Louisiana Parish Road System, and within said Act, § 1, "created and established a system of State aid parish roads". This has since evolved into the Parish Transportation Fund, R.S. 48:751, et seq. Currently, R.S. 48:756
prohibits the office of highways from performing any work on the parish road systems and outside the state highway system, but that statute was not added until 1974, about the time the work by the State ceased on Plainview Road. The 1955 Act established within the department of highways a Parish Road Section, § 4. The correspondence in the file authorizing the construction work on Plainview Road is from the "Parish Road Engineer" of the Department of Highways. It is a fair inference from the legislative scheme in place at the time and the facts as they are know, that Plainview Road was constructed by the State, with the concurrence of the Parish, under the authority of the Louisiana Parish Road System Act and the funding provided therein. The road, once constructed, even though sections of it were not built on existing parish road, was a parish road and in the parish system. The repairs done subsequent to the initial construction were consistent with the parish road system plan. Once the legislature expressly prohibited any further work by the State, it ceased and the continuing maintenance became the express responsibility of the parish.
You have asked whether the right of way agreements themselves, which were taken by the State, are sufficient to impose a continuing maintenance responsibility on the State. The documents seem to indicate that there was some kind of road in existence before the State stepped in for at least a portion of Plainview Road. If so, that road was surely a parish road prior to the works of the State. It is not clear whether the right of way agreements covered the entire length of Plainview Road. Some realignment apparently occurred. I see no evidence that the right of way agreements were transferred to the parishes. It is our opinion that the right of way agreements were executed for the purpose of completing the construction of the road in compliance with normal State procedures at the time. The form of agreement was routinely used for this purpose and was not modified to accommodate the peculiar circumstances of Plainview Road. The resolutions of the parishes accepting the maintenance of the road once completed and the language discharging the State from any obligations after completion of construction argue strongly against any continuing maintenance obligation by the State. We do not believe that the right of way agreements can be construed as maintenance agreements with the parishes since the parishes are not parties to those contracts. This, of course, assumes that the road is a parish road. The State would not have to have a maintenance agreement with the parishes if the road was in the State system.
With reference to the right of way agreements themselves, it is interesting to note that the ones for Plainview Road do not have a state highway number, rather they refer only to "Hornbeck-Plainview Road". In the case of the agreement for the Florien-Mount Carmel Highway, the document has the reference to State Route No. 173, which has subsequently changed to No. 118. This road is expressly in the State Highway system in R.S. 48:191. The Plainview Road is not. This fact alone explains why the State has continued to maintain Highway 118, and not Plainview Road.
It is our opinion that Plainview Road was constructed for the benefit of the Parish under the Louisiana Parish Road System Act and that is was and is a parish road. The right of way agreements and their boilerplate language regarding maintenance have been superseded by the acts of the parishes and the continuing public use of the road for all these years. It does not appear that the State had the intention at any time to build the road as a state highway, rather it was work for the parish on a parish road. The documents submitted regarding Highway 118 argue, in our opinion, for this conclusion. The State has no maintenance responsibility for the road since it is not expressly in the state highway system and there are no maintenance agreements with the parishes delegating the maintenance responsibility to the State.
We hope this meets your inquiry, however, should you have any questions or comments, please contact the undersigned at your convenience.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ______________________________ ROBERT B. BARBOR Assistant Attorney General
RPI/RBB:gbe
cc: Mr. Leo Fitzenreiter, President The Plainview Area Association, Inc. Rt. 1, Box 629 Hornbeck, Louisiana 71439
Senator James David Cain P.O. Box 427 Dry Creek, Louisiana 70637
Date Received:
Date Released:
Robert B. Barbor Assistant Attorney General